MONROIG, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a decision of the Registrar of Property of San Juan, Section 2.

No. 144.—Decided May 23, 1913.

CANCELLATION OF ANNUITY.—A general statement that an annuity recorded in the registry of property in favor of the Insular Treasury has been transferred

to the Roman Catholic Church of Porto Rico is not sufficient in the absence of direct proof thereof to justify the cancellation of said annuity at the instance of the church.

The facts are stated in the opinion.

Mr. *Frank Antonsanti* for appellant.

Mr. *José E. Benedicto,* registrar, appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On December 27, 1911, William A. Jones, Bishop of the Roman Catholic Apostolic Church of Porto Rico, and Valentín Monroig appeared before a notary public and the former canceled a certain annuity (*censo*) which the latter had acknowledged in a public instrument executed by him on May 10, 1910, as existing in favor of the Insular Treasury. The property encumbered by the annuity (*censo*) is duly described in the deed of release which likewise contains a statement of facts in connection with the suit brought by the Church against The People, final settlement of which was approved by the Legislative Assembly of Porto Rico in a joint resolution of September 16, 1908 (Acts of 1909, pp. 107–129), and it is affirmed that the annuity (*censo*) which is canceled passed from The People to the Church by virtue of said suit.

The deed of release was presented in the registry of property together with a certificate reading as follows:

"The undersigned, the Treasurer of Porto Rico, certifies: That by judgment rendered on December 15, 1906, the Supreme Court of Porto Rico adjudicated to the Roman Catholic Apostolic Church in Porto Rico, among other annuities (*censos*) arising in connection with the extinct Santo Domingo convent one whose record on page 44 of the register of church properties in the archives of this department is as follows:

" 'Registry of 1872. No. 39. Debtor, Enriqueta Buen, widow of Santiago Rapp. Hato Tejas, Municipal District of Bayamón—$300 Porto Rican money.'

"That the said annuity (*censo*) was one of those transferred to the said Catholic Church in this Island by agreement of the 'Commission for the settlement of certain suits pending between the Catholic Church, the Government of the United States and The People of Porto

Rico,' and was payable at that time by Antonio de los Santos, its value being $180 with an annual interest of $8.55, United States currency.

"The foregoing is issued this fifteenth day of August, nineteen hundred and twelve, at the request of F. Antonsanti, attorney for the Central Juanita, Incorporated.

"B. R. DIX,

" (Int. Rev. Stamps)       "Treasurer of Porto Rico."

The registrar refused to record the cancellation on the grounds set forth in the following decision:

"The cancellation referred to in the foregoing document is denied because it appears in the registry that the annuity (censo) canceled in regard to 69 cuerdas is acknowledged in favor of the Insular Treasury and there is nothing in said registry to show that the said annuity (censo) proceeds from the extinct religious societies, and because from the certificate of the Treasurer dated August 15, 1912, accompanying it, it cannot be determined that the annuity (censo) referred to therein is the same that appears in the registry and is canceled in the deed with respect to said parcel of land; entering in lieu thereof  *  *  *.

"San Juan, P. R., April 28, 1913.   (Signed)   José Benedicto."

From this decision of the registrar Valentín Monroig took the present administrative appeal, in which both he and the registrar of property submitted written briefs.

In explanation of his decision the registrar says:

"The undersigned understands that in the case on which this appeal is based the transfer of said annuity (censo) need not be made necessarily by a public document, according to the provisions of article 82 of the Mortgage Law, but he considers that it is absolutely necessary to prove that the annuity (censo) sought to be canceled is included among those transferred to the Church, and that fact is not established by the documents presented.

"In the registry there is an annuity (censo) of $300 acknowledged in favor of the Insular Treasury, but there is nothing to show that the right thereto was derived from the extinguished religious orders. The Bishop of Porto Rico states in the public instrument executed on the 27th of December, 1911, that the Catholic Church which he represents owns an annuity (censo) of $180 on the property described

in the said instrument by virtue of the terms of a settlement made with The People of Porto Rico, the right to which he releases in consideration of the principal and interest paid to him by Valentín Monroig, and asks for its cancellation in the registry, accompanying his application with a certificate of the Treasurer of Porto Rico, which does not describe nor specify any real estate whatever.

"Such being the case, there was no alternative but to deny the inscription for the reason that inasmuch as the annuity (*censo*) appeared in the registry in favor of the Insular Treasury without expressing that it had an ecclesiastical character, and as it was not proved that the Church was the successor in interest of the Insular Treasury, it is made to appear that the authorization for the cancellation emanated from an entity entirely distinct from the one appearing as the owner of the right, therefore, the recording of the release must be denied in accordance with the provisions of article 82 of the Mortgage Law."

The foregoing reasons submitted by the registrar are sufficient to sustain his decision, therefore the appeal taken therefrom must be dismissed.

*Dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.